UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AIKINS FRIMPONG,             )<br>                                                     )<br>            Petitioner,         )<br>                                                     )<br>    v.                                           )<br>                                                     )<br>J.C. ZUERCHER,                  )<br>                                                     )<br>            Respondent.    ) | Case No. 07-1323 |

## ORDER

This matter now is before the Court on Petitioner Aikins Frimpong's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Petition [#1] is DENIED.

### BACKGROUND

Frimpong was convicted in the United States District Court for the Southern District of Iowa for conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. On February 2, 2005, he was sentenced to a seven-year-and-two-month term of imprisonment and five years of supervised release. Frimpong currently is serving that sentence in the Federal Correctional Institution at Pekin, Illinois. His projected release date is May 11, 2008.

Frimpong filed the instant Petition for Writ of Habeas Corpus alleging that he was incarcerated beyond his scheduled release date of November 12, 2007, because of a detainer by the Bureau of Immigration and Customs Enforcement (BICE). However,

Frimpong's actual release date is May 11, 2008, and his real request is for the Court to order his immediate placement in a halfway house (or community confinement center).

Respondent filed a Response urging the Court to deny Frimpong's Petition because the Court lacks jurisdiction under the habeas corpus statutes to review policies regarding community confinement placements. Alternatively, Respondent argues that the statement in the Pre-Sentence Report that "BICE indicated they will not file a detainer," is not binding on the Government. The matter is fully briefed, and this Order follows.

## DISCUSSION

Section 3624(c) of Title 18 of the United States Code states that:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3624(c). In *Prows v. Federal Bureau of Prisons*, 981 F.2d 466 (10th Cir. 1992), the Tenth Circuit held that the language of § 3624 does not "encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period." *Id.* at 469; see also *United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991) ("Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society."). The Bureau retains discretion over the placement of prisoners, and courts may not compel the placement of a prisoner in community confinement. *Prows*, 981 F.2d at 470. At least one district court in this Circuit adopted *Prows* and held that courts may not compel the placement of prisoners in community confinement because prisoners are not entitled to placement in it. *See, e.g.*, *Bateman v. Bledsoe*, No. 06-963-WDS, 2007 WL 1097944 (S.D. Ill. Apr. 12, 2007).

Frimpong challenges the BICE detainer only as it applies to community confinement placement. Because Frimpong possesses no entitlement to community confinement placement for any portion of his sentence, this challenge is without merit. The Bureau retains discretion over his confinement until his release date, and this Court lacks authority to compel any placement decisions.

The Court notes that a challenge to the detainer as applied to Frimpong's ultimate release date may be cognizable under a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, but Frimpong has not placed that issue before the Court. Accordingly, the Court declines to address the validity of the detainer. If Frimpong wishes to challenge the BICE detainer as applied to his ultimate release date, he should file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asserting this challenge after exhausting administrative remedies.

## CONCLUSION

For the reasons set forth herein, the Petition [#1] is DENIED.

ENTERED this 27th day of March, 2008.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge